COMMONWEALTH *vs.* SIDNEY DAVID.

No. 11-P-367.

Plymouth. April 27, 2012. - June 25, 2012.

Present: CYPHER, HANLON, & CARHART, JJ.

*Controlled Substances. Evidence,* Hearsay, Declaration against interest, Cross-examination.

At a criminal trial, the judge did not abuse her discretion in denying the defendant's request to admit a witness's hearsay statement as a statement against penal interest, where there was no evidence that the witness was unavailable, and where there were no corroborating circumstances that clearly indicated the trustworthiness of the statement; further, there was no merit to the claim that the exclusion of the statement denied the defendant the ability to demonstrate, through cross-examination, the bias of the police officers involved. [53-54]

INDICTMENT found and returned in the Superior Court Department on August 3, 2007.

The case was tried before *Elizabeth B. Donovan,* J.

*Derege B. Demissie* for the defendant.

*Laurie Yeshulas,* Assistant District Attorney, for the Commonwealth.

CARHART, J. The defendant appeals from his conviction of trafficking in cocaine in violation of G. L. c. 94C, § 32E(*b*). On appeal, he argues that the trial judge erroneously excluded another individual's statement that the drugs found in the defendant's apartment were hers, denying the defendant due process of law and the ability to present a defense. We affirm.

*Background.* On June 23, 2007, members of the Brockton police department executed a search warrant at the defendant's apartment. Upon entering the apartment, the police found the defendant and another individual in the defendant's bedroom. In the bedroom, the police found plastic sandwich bags and a clear

plastic bag containing seventy grams of cocaine. In the bathroom at the back of the bedroom, the police found a camera, which was pointed at the parking lot outside and was attached to a portable DVD player.

The other person in the defendant's apartment was Mary Smith,[1] a woman known to the police as an addict who prostituted herself to support her drug habit. Smith was allowed to leave after the police determined that she had no outstanding warrants.

The defense at trial was that the cocaine discovered in the defendant's apartment belonged to Smith. At trial, defense counsel attempted to elicit from Brockton police Detective Robert Morrissey that Smith stated that the drugs were hers. Detective Morrissey testified that he could not recall any such statements by Smith. The following day, the prosecutor notified the court that Detective Morrissey had recalled, after questioning, that Smith had, in fact, stated that the drugs were hers. According to the prosecutor, Detective Morrissey recalled that, as they were releasing Smith, the defendant repeatedly screamed to her to say that the drugs were hers. Detective Morrissey recalled that Smith was "visibly . . . intimidated" and said, "Okay, they were mine." The judge excluded the statement.

*Discussion.* The defendant argues that the judge erroneously excluded Smith's hearsay statement, which he claims was admissible as a statement against penal interest. A hearsay statement against penal interest is admissible if "(1) the declarant is unavailable . . . , (2) the statement so far tends to subject the declarant to criminal prosecution that a reasonable person in the declarant's position would not have made the statement unless [s]he believed it to be true, and (3) if offered to exculpate the accused, it is corroborated by circumstances clearly indicating its trustworthiness." *Commonwealth* v. *Burnham*, 451 Mass. 517, 524 (2008). See *Commonwealth* v. *Nutbrown*, 81 Mass. App. Ct. 773, 776-777 (2012).

The judge did not abuse her discretion in denying the defendant's request to admit Smith's statement. Although the defendant argued that Smith was unavailable because she might have a privilege under the Fifth Amendment to the United States Constitution, Smith was never called as a witness and did not

---

[1] A pseudonym.

invoke such a privilege. Therefore, she was not unavailable. See *Commonwealth* v. *Hesketh*, 386 Mass. 153, 158 n.4 (1982).[2]

While Smith's statement that the drugs were hers may have subjected her to criminal prosecution, there were no corroborating circumstances that clearly indicated the trustworthiness of the statement. See *Commonwealth* v. *Burnham, supra.* To the contrary, Smith was known to the officers as a drug addict, and several of them testified that they had never seen seventy grams of "crack" cocaine on a user. Smith had no money or drug paraphernalia on her when the police encountered her, and she allegedly made the statement in response to the defendant's order to say the drugs were hers. Contrast *Commonwealth* v. *Nutbrown, supra* at 780 (spontaneous statements made to four different people on three separate occasions). The judge was required to consider the plausibility of Smith's statement "in the light of the rest of the proof" at trial, *Commonwealth* v. *Carr*, 373 Mass. 617, 624 (1977), which was that the defendant maintained a surveillance camera in his bathroom; the landlord had observed several individuals arrive at the defendant's apartment, knock on the window, enter the apartment, and leave twenty to thirty seconds later; there were plastic sandwich bags in the bedroom closet; several experienced narcotics detectives testified that plastic sandwich bags are often used to package cocaine for sale; and the cocaine was discovered on a coffee table in the defendant's bedroom.

The defendant's argument that exclusion of the statement denied him the ability to demonstrate, through cross-examination, the bias of the police officers lacks merit. The defendant's cross-examination of the officers was not limited in any way. The defendant was free to, and did, ask the officers why Smith was released. Moreover, during the defendant's opening and closing statements, the judge did not limit his argument that the drugs at issue belonged to Smith.

*Judgment affirmed.*

---

[2]Moreover, the defendant made no showing that he was "unable to procure [her] attendance . . . by process or other reasonable means." *Commonwealth* v. *Charles*, 428 Mass. 672, 678 (1999), quoting from Fed.R.Evid. 804(a)(5) (1985).